Abby TISCARENO; and Guillermo Tiscareno, Plaintiffs— Appellees,

v.

Richard ANDERSON, in his individual capacity and official capacity, Defendant—Appellant,

Lori Frasier; Marion Walker; and William Beerman, in their individual capacities; and Intermountain Health Care, Inc., in its individual capacity, Defendants.

No. 09–4238.

United States Court of Appeals, Tenth Circuit.

April 26, 2011.

Kathryn Collard, Law Firm of Kathryn Collard, LC, Salt Lake City, UT, Macon Cowles, Boulder, CO, for Plaintiffs–Appellees.

Joni J. Jones, J. Clifford Petersen, Office of the Utah Attorney General, Salt Lake City, UT, for Defendant–Appellant.

Andrew M. Morse, Richard A. Vazquez, David Gordon Williams, Snow, Christensen & Martineau, Charles W. Dahlquist, II, David J. Hardy, Kirton & McConkie, Salt Lake City, UT, for Defendants.

Before LUCERO, HARTZ, and HOLMES, Circuit Judges.

## ORDER GRANTING PANEL REHEARING IN PART

CARLOS F. LUCERO, Circuit Judge.

Abby and Guillermo Tiscareno seek panel rehearing on both their federal and state claims against Richard Anderson. With respect to the Tiscarenos' state claim, we **GRANT** rehearing by the panel. Section IV of the panel's March 21, 2011, opinion is **VACATED** and replaced with the order issued herewith. We **DENY** panel rehearing on all other issues raised in the Tiscarenos' petition for rehearing.

## ORDER AND JUDGMENT[*]

In light of the Utah Supreme Court's decision in *Jensen v. Cunningham*, 250 P.3d 465 (Utah 2011), we vacated our earlier judgment as it pertained to Abby and Guillermo Tiscareno's claim under the Utah Constitution. We now affirm the district court's denial of Richard Anderson's motion to dismiss the state law claim for lack of notice.

### I

The facts and procedural background of this case are summarized in our earlier opinion. *See Tiscareno v. Anderson*, 639 F.3d 1016, 1018–20 (10th Cir.2011). Shortly after our opinion was filed, the Utah

Supreme Court decided *Jensen*. 250 P.3d 465. That case held without qualification or reservation that "the Utah Governmental Immunity Act does not apply to claims alleging state constitutional violations." *Id.* at 479. We decline Anderson's invitation to read this statement as limited to the facts in *Jensen*. Instead, we conclude that the Utah Supreme Court meant precisely what it said, and determine that the Tiscarenos' state law claim, alleging a violation of the Utah Constitution, is not barred by her failure to file a notice of claim.

### II

Accordingly, we **AFFIRM** the district court's denial of Anderson's motion to dismiss the Tiscarenos' state claim for lack of notice. We **REMAND** the matter to the district court for proceedings consistent with our earlier opinion and this order.[1]

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

[1]. We note that it is within the district court's discretion to continue to exercise jurisdiction in this pendant state matter, or the district court may dismiss the claim without prejudice. *See United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1220 (10th Cir.2000).